IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KEFLEY RUIZ-FELICIANO

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

    Defendant.

Civil No. 10-1996 (BJM)

**OPINION AND ORDER**

Plaintiff Kefley Ruiz-Feliciano ("Ruiz") filed a complaint seeking judicial review of the decision of the defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"), finding that Ruiz is not entitled to disability benefits under sections 216(I) and 223(d) of the Social Security Act, 42 U.S.C § 416(I) and 423. (Docket No. 1). Ruiz asks for judgment to be reversed and an order awarding disability benefits be entered, or in the alternative to remand the case to the Commissioner for further proceedings. Ruiz has filed a memorandum of law in support of her position. (Docket No. 10). The Commissioner answered the complaint (Docket No. 14) and filed a memorandum in support of his decision. (Docket No. 15). This case is before me on consent of the parties. (Docket No. 16, 17). After careful review of the administrative record and the briefs on file, the Commissioner's decision is **vacated and remanded**.

**LEGAL STANDARD**

The court's review is limited to determining whether the Administrative Law Judge ("ALJ") employed the proper legal standards and focused facts upon the proper quantum of evidence.

**Kefley Ruiz-Feliciano v. Michael J. Astrue, Commissioner of Social Security**          Page 2
Civil No. 10-1996 (BJM)

Manso-Pizarro v. Secretary of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991); Da Rosa v. Secretary of Health and Human Servs., 803 F.2d 24, 26 (1st Cir. 1986). The court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodriguez Pagan v. Secretary of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). Written reports submitted by non-examining physicians who merely reviewed the written medical evidence are not substantial evidence, although these may serve as supplementary evidence for the ALJ to consider in conjunction with the examining physician's reports. Irizarry-Sanchez v. Comm'r of Soc. Sec., 253 F.Supp. 2d 216, 219 (D.P.R. 2003). The burden is on the claimant to prove that she is disabled within the meaning of the Social Security Act ("Act"). See Bowen v. Yuckert, 482 U.S. 137, 146-147, n.5 (1987). A claimant is disabled under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the statute, a claimant is unable to engage in any substantial gainful activity when she "is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[1]  42 U.S.C. §

---

[1] The phrase "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423 (d)(2)(A).

423(d)(2)(A). In determining whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a)(3).

A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Bowen, 482 U.S. at 140-42; Goodermote v. Secretary of Health and Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). In step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. 20 C.F.R. § 404.1520(b). If she is not, the ALJ proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. However, if the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in which it is determined whether the claimant has an impairment equivalent to a specific list of impairments contained in the regulations' Appendix 1, which the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from the work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. § 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process calls for a determination of whether the claimant is able to perform other work in the national economy in view of her residual functional capacity ("RFC"), as well as age, education, and work

experience.[2] If the claimant cannot, then she is entitled to disability benefits. 20 C.F.R. § 404.1520(f).

The claimant has the burden, under steps one through four, of proving that she cannot return to her former employment because of the alleged disability. Santiago v. Sec'y of Health and Human Servs., 944 F.2d 1, 5 (1st Cir. 1991). Once a claimant has demonstrated a severe impairment that prohibits return to her previous employment, the Commissioner has the burden, under step five, to prove the existence of other jobs in the national economy that the claimant can perform. Ortiz v. Sec'y of Health and Human Servs., 890 F.2d 520, 524 (1st Cir. 1989).

## FACTUAL AND PROCEDURAL BACKGROUND

Ruiz was born on January 11, 1971. (Transcript ["Tr."] 70-71, 98, 128, 175, 183). She has a high school education and worked as a sewing machine operator for three years and as a machine operator (assembler) for twelve years. (Tr. 28, 41, 203, 217). Ruiz claims to have been disabled since February 1, 2005 due to irritable bowel syndrome ("IBS"), dumping syndrome, an affective disorder, and panic attacks. (Tr. 11, 183). She was last insured for Social Security disability benefits on March 31, 2010. (Tr. 9, 188).

Dr. Gilberto Rodriguez-Lugo, Ruiz's primary treating physician since September 12, 1996 (Tr. 245, 288-325), reported that Ruiz's diarrhea was constant. (Tr. 298). In March 28, 2005, she began seeing Dr. Neal Monagas-Acosta, a gastroenterologist, who diagnosed her with IBS and dumping syndrome. (Tr. 215). On April 14, 2005, Ruiz began seeing Dr. Pedro Fernandez-Rodriguez, a psychiatrist, for panic attacks and other symptoms. (Tr. 332). His diagnostic

---

[2] An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1520(e) and 404.1545(a)(1).

**Kefley Ruiz-Feliciano v. Michael J. Astrue, Commissioner of Social Security**     Page 5
Civil No. 10-1996 (BJM)

impression was of major depression and he reported IBS as the relevant medical condition. (Tr.326).

On March 7, 2006, Dr. Alberto Rodriguez-Robles, upon referral by the Social Security Disability Determination Program for a psychiatric evaluation of Ruiz, reported that her main complaint is diarrhea, that she states that she cannot eat anything when she goes out because she gets diarrhea and has soiled her clothes, and that she has panic attacks. (Tr. 60-62, 252-255). The diagnosis was of major depression, citing IBS as the relevant medical condition. (Tr. 62).

On September 2, 2006, Ruiz applied for a period of disability and disability insurance benefits.[3] (Tr. 9, 17, 183-187). She alleged disability since February 1, 2005. (Tr. 183). The Regional Commissioner denied her application initially on February 6, 2007[4] (Tr. 9, 50-52, 74-75) and upon reconsideration on May 9, 2008 (Tr. 53-55, 78-79). On June 23, 2008, Ruiz requested a hearing by an ALJ. (Tr. 92-93). The hearing was held on September 24, 2009 (Tr. 38-49) and it continued on January 13, 2010 (Tr. 22-32). A vocational expert ("VE"), Dr. Hector Puig, testified at both hearings. The ALJ issued a written decision on January 22, 2010 finding that Ruiz is not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 6-17). The ALJ found that Ruiz has the following severe impairments: dumping syndrome, IBS, an effective disorder, and panic attacks. (Tr. 11). The ALJ determined that Ruiz had the RFC to perform light work as defined in 20 CFR 404.1567(b) except that she must perform simple, repetitive tasks, requiring no contact with the public, and occasional contact with supervisors and co-workers. (Tr. 13). The ALJ found that Ruiz could return to her past work as a sewing machine operator. (Tr. 16). On March 10, 2010,

---

[3] The application states September 2, 2006 as the filing date whereas the ALJ's decision states August 2, 2006 as the filing date.

[4] The date on the denial states February 6, 2007 whereas the ALJ's decision cites February 26, 2007 as the date of initial denial.

Ruiz requested review of the hearing decision. (Tr. 4-5). On August 17, 2010, the Appeals Council denied Ruiz's request for review of the ALJ's decision. (Tr. 1-3). Ruiz appealed the ALJ's decision as the Commissioner's final decision.

**DISCUSSION**

Ruiz claims to have been disabled since February 1, 2005 due to IBS, dumping syndrome, an affective disorder, and panic attacks. (Tr. 11, 183). The analysis in this case centers on the ALJ's determination at step four in the sequential evaluation process contained in 20 CFR § 404.1520. At the fourth step, the Commissioner must make a finding about the claimant's RFC based on all the relevant medical and other evidence in the case record. 20 C.F.R. §§ 404.1520(e), 416.920(e). The Commissioner must then compare the RFC assessment with the physical and mental demands of past relevant work and determine if the claimant can still do that kind of work. If the claimant can do past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant has the burden of proving inability to return to past relevant work. Bowen, 482 U.S. at 146, n.5. On review, this court must determine whether the ALJ's decision at step four was supported by substantial evidence.

Ruiz argues that the Commissioner's decision is not supported by substantial evidence taking the record as a whole and that the ALJ did not deploy the correct legal standards by ignoring the medical reports of Dr. Neal Monagas and Dr. Gilberto Rodriguez in his hypothetical question posed to the VE. (Docket No. 10, p. 7-8). The Commissioner argues that the ALJ's decision is supported by substantial evidence and that it accords with the law. (Docket 15, p. 1-2). The arguments contained in the memoranda of law filed by the parties reflect that the core issue is whether there is evidence on record regarding the frequency with which Ruiz suffered from diarrhea caused by IBS,

**Kefley Ruiz-Feliciano v. Michael J. Astrue, Commissioner of Social Security**  Page 7
Civil No. 10-1996 (BJM)

and whether the frequency of her diarrhea attacks were properly incorporated into the hypotheticals posed to the VE.

A proper hypothetical question is one that "incorporates reasonably all disabilities of the claimant recognized by the ALJ, which "accurately reflects all of [the claimant's] impairments and the degree of their severity." Bowling v. Shalala, 36 F.3d 431 (5th Cir.1994). The ALJ may rely on the VE's testimony to find that the claimant is able to perform past work only so long as the VE's testimony is in response to an accurate hypothetical. Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994). A VE's testimony cannot constitute substantial evidence to support an ALJ's determination as to a claimant's disability status unless it accurately reflects all of the claimant's limitations. Cooper v. Sullivan, 880 F.2d 1152, 1158 (9th Cir.1989); Varney v. of Sec'y Health and Human Services, 846 F.2d 581, 585 (9th Cir. 1988). However, it is well within an ALJ's authority to weigh the evidence, to determine the credibility of the plaintiff's subjective complaints, and to use only credible evidence in posing a hypothetical question to a vocational expert. See Arocho v. Sec'y of Health and Human Services, 670 F.2d 374, 375 (1st Cir. 1982) (ALJ must decide what testimony will be credited when forming the hypothetical questions).

In this case, two hearings were held with the VE, Dr. Hector Puig. At the first hearing, the VE was asked two hypothetical questions. Both questions included the element of frequency of bathroom breaks during a work shift. The first hypothetical question was whether a person with the claimant's profile, "whose maximum exertional capacity is medium, whose maximum mental capacity is to perform simple, repetitive tasks, who is able to perform work activities up to two hours at minimal acceptable levels in the workplace, followed by a break of 10 minutes," would be able to perform the claimant's past jobs. (Tr. 42). The second hypothetical question was whether a

**Kefley Ruiz-Feliciano v. Michael J. Astrue, Commissioner of Social Security**          Page 8
Civil No. 10-1996 (BJM)

person with the claimant's profile, "whose maximum exertional capacity is light, whose maximum mental capacity is to perform simple, repetitive tasks, who is not able to have any contact with the public, who is able to have vocational contact with supervisors and workers, and who also has the capacity in the workplace to go to the bathroom as often as she needs" would be able to perform the claimant's past jobs. (Tr. 43). The VE testified as to the two jobs that Ruiz has held, that if she needed a break to go to the bathroom every five or ten minutes per hour or as needed, and that if this were consistent day by day, her productivity would be reduced. The VE concluded that this person could not satisfy any pattern, in terms of quantity or quality, in any type of job, taking her out of the job market. (Tr. 42-43, 47). That is, Ruiz would be unable to work at any job.

The second hearing was held because the ALJ understood that the hypothetical question posed in the first hearing about the frequency of the diarrheic attacks was not appropriate for the case because there was no evidence on record regarding the frequency. (Tr. 27). At the second hearing, the ALJ posed a different hypothetical question which excluded the frequency of bathroom breaks. The hypothetical question posed to the VE then was, "Light with additional limitations: simple repetitive tasks, no contact with public, occ. contact with supervisors and co-workers." (Tr. 35). In response to this revised hypothetical, the VE testified that Ruiz could perform her past relevant work as a sewing machine operator because it required a very low skill level.

In this case, the record as a whole does not support the ALJ's decision to omit claimant's diarrheic attacks, and the corresponding need to use the bathroom, from the hypotheticals. The case record shows that Ruiz consulted with her primary treating physician, Dr. Rodriguez-Lugo, for

treatment of her diarrhea.[5] (Tr. 297-301). Dr. Rodriguez indicated that Ruiz suffered from constant diarrhea. (Tr. 298, 301). Ruiz also consulted with a second physician, Dr. Monagas, a gastroenterologist, who diagnosed her with IBS and dumping syndrome.[6] (Tr. 257-259). Generally, ALJs should give "*more* weight to opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(d)(2). Although Dr. Monagas found no evidence of diarrhea on last examination, he noted that Ruiz could work but with a bathroom nearby. (Tr. 258-259). Ruiz received treatment from both physicians, including prescribed medications. Ruiz also reported suffering from constant diarrhea in the Function and Disability Reports (Tr. 194, 212, 213, 216, 222, 224, 246-247) (both at the initial level and at the reconsideration level of adjudication). Moreover, Dr. Alberto Rodriguez-Robles, a Social Security examining consultant, reported in a psychiatric evaluation report that Ruiz's main complaint is that she gets diarrhea. (Tr. 60). The medical consultants, in providing their opinion about the residual functional capacity of the claimant, did not examine Ruiz but used the evidence in the case record to draw their opinions.[7] (Tr. 16, 264-283, 341-344).

The claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own

---

[5] As is evident in the General Medical Report and Questionnaire for Pain Description prepared by Dr. Rodriguez-Lugo for the Disability Determination Program. The court does note that the information contained in Dr. Rodriguez-Lugo's medical record is illegible to a layperson.

[6] As is evident in the Gastrointestinal/Liver Disease Medical Report prepared by Dr. Neil Monagas-Acosta for the Disability Determination Program. The court notes that the transcript does not contain a copy of Dr. Monagas-Acosta's medical record.

[7] There are three Requests for Medical Advice on record. Two are for psychiatrists. The third is for an internist. Only one case analysis is available in the transcript.

**Kefley Ruiz-Feliciano v. Michael J. Astrue, Commissioner of Social Security**     Page 10
Civil No. 10-1996 (BJM)

statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.  20 C.F.R. § 4416.929.  However, where it has been determined that a claimant has an impairment that could reasonably be expected to produce the symptoms alleged, an ALJ may not disregard a claimant's statements about the intensity and persistence of symptoms or their effect on [her] ability to work merely because they are not substantiated by objective medical evidence.  See 20 C.F.R. § 303.1529(c)(2).

Importantly, the ALJ found that Ruiz has IBS and dumping syndrome, conditions that could reasonably be expected to produce the symptoms alleged (frequent diarrhea).  (Tr. 11).  Moreover, the medical record is replete with indications that Ruiz suffered these symptoms at different times.  Accordingly, the ALJ erred in disregarding the claimant's statements about the intensity and persistence of the symptom or its effect on her ability to work on the grounds that it was not substantiated by objective medical evidence.  See 20 C.F.R. § 303.1529(c)(2).  The ALJ similarly erred in omitting Ruiz's symptoms of diarrhea from the hypothetical posed to the VE.  Arocho, 670 F.2d at 375.

Finally, although the element of the IBS symptom of diarrhea is present in the record, the ALJ correctly noted that the record remains undeveloped with regards to the frequency of the attacks, which is a matter that should be developed on remand.

## CONCLUSION

The case is remanded for further development of the record as to the frequency of the claimant's diarrheic attacks and specifically as to whether Ruiz's IBS and other conditions preclude her from working at past relevant work.  Judgment shall be entered accordingly.

**Kefley Ruiz-Feliciano v. Michael J. Astrue, Commissioner of Social Security**  Page 11
Civil No. 10-1996 (BJM)

**IT IS SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of January, 2012.

                                                    *s/Bruce J. McGiverin*
                                                    BRUCE J. McGIVERIN
                                                    United States Magistrate Judge